**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| TELEBRANDS CORP.,<br><br>        Plaintiff,<br><br>v.<br><br>YANGJIANG NEW SPORTS TECHNOLOGY PRODUCTS CO., LTD.; SHENZHEN DEYUE ELECTRONICS CO., LTD.; SHAOLONG SUPPLY CHAIN (SHENZHEN) CO., LTD.; and SHENZHEN PUZHUO TECHNOLOGY CO., LTD.,<br><br>        Defendants. | Civil Action No. 1:26-cv-1472<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff TELEBRANDS CORP. ("Plaintiff" or "Telebrands") brings this action against Defendants YANGJIANG NEW SPORTS TECHNOLOGY PRODUCTS CO., LTD. a/k/a YANGJIANG XINTE SPORTS TECHNOLOGY PRODUCTS CO., LTD. ("Xinte"), SHENZHEN DEYUE ELECTRONICS CO., LTD. ("Deyue"), SHAOLONG SUPPLY CHAIN (SHENZHEN) CO., LTD. ("Shaolong"), and SHENZHEN PUZHUO TECHNOLOGY CO., LTD. ("Puzhuo") (collectively, "Defendants") for infringement of U.S. Patent No. 11,608,915 and alleges the following:

### INTRODUCTION

1. This action concerns patent infringement claims for a popular expandable garden hose that is light in weight, does not kink when unwrapped or uncoiled, and can be substantially reduced in length and width when not in use simply by turning off the flow of water into the hose.

1

2.      Plaintiff is the owner by assignment of the entire right, title, and interest in patents directed to expandable hose technology and markets expandable garden hoses under, *inter alia*, the "POCKET HOSE" brand. Plaintiff's claims arise from Defendants' infringement of Plaintiff's patents, including, without limitation, by manufacturing, advertising, marketing, promoting, distributing, making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use, of unlicensed expandable garden hose products on online marketplaces platforms, such as Amazon.com.

3.      This action seeks to prevent the Defendants' continued use of Plaintiff's patented technology without authorization and to recover damages resulting from such unauthorized use.

4.      This action also seeks to protect Plaintiff from Defendants' extraterritorial forum shopping in attempting to litigate the issue of Defendants' infringement of Plaintiff's U.S. patent before Chinese courts lacking the procedural, jurisdictional, and constitutional guarantees that can only be properly provided by a U.S. court.

## JURISDICTION AND VENUE

5.      This is an action for Patent Infringement under the Patent Act, 35 U.S.C. § 271.

6.      This Court has subject matter jurisdiction of this action pursuant to: (1) 28 U.S.C. §§ 1331 and 1338(a) as an action arising out of violations of the Patent Act; and (2) 28 U.S.C. § 1332 as there is diversity between the parties and the matter in controversy exceeds, exclusive of interests and costs, the sum of seventy-five thousand dollars.

7.      This Court has personal jurisdiction over Defendants in Texas pursuant to Tex. Civ. Prac. & Rem. Code § 17.042(2), or in the alternative, Federal Rule of Civil Procedure 4(k), because, upon information and belief, Defendants regularly conduct, transact and/or solicit business in Texas, market and sell infringing products, and/or derive substantial revenues from their business transactions in Texas, are not subject to the jurisdiction of the courts of general

jurisdiction of any state, and/or otherwise avail themselves of the privileges and protections of the laws of the State of Texas such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process, and/or Defendants have committed acts of patent infringement within Texas, and their illegal infringing actions caused injury to Plaintiff in Texas such that Defendants should reasonably expect such actions to have consequences in Texas. For example:

  a. Upon information and belief, Defendants were and/or are systematically directing and/or targeting their business activities at consumers in the United States, including Texas, through accounts with online marketplace platforms, such as Amazon.com, through which consumers in the United States, including Texas, can view Defendants' online storefronts that Defendants operate and use to communicate with consumers regarding their listings of their infringing expandable garden hose products and to place orders for, receive invoices for, and purchase their infringing expandable garden hose products for delivery in the United States, including in Texas and this judicial district, as a means for establishing regular business with the United States, including Texas.

  b. Upon information and belief, Defendants are sophisticated sellers, operating commercial businesses using their online merchant storefronts to manufacture, import, export, advertise, market, promote, distribute, make, use, offer for sale, sell and/or otherwise deal in products, including infringing expandable garden hose products, at significantly below-market prices to consumers worldwide, including to those in the United States, and specifically in Texas.

  c. Upon information and belief, Defendants accept payment in U.S. Dollars and offer shipping to the United States, including to Texas.

d.      Upon information and belief, Defendants have transacted business with consumers located in the United States, including Texas, for the sale and shipment of infringing expandable garden hose products.

e.      Upon information and belief, Defendants transact business in this judicial district and have committed acts of direct and indirect infringement in this judicial district, Defendants directly or through intermediaries including authorized distributors make, use, offer for sale, import, sell, advertise, and/or distribute infringing expandable garden hose products and induce infringement of Telebrands' patents in Texas and in this district, Defendants conduct their business of marketing, distributing, and selling infringing products in Texas and in this district directly and through its agents, representatives, affiliates, related entities, partners, distributors, and retailers, and Defendants continuously and systematically solicit business and sales with residents of Texas and this district.

f.      Upon information and belief, Defendants are aware of Plaintiff, Plaintiff's hoses, and Plaintiff's patents, and are aware that their illegal, infringing actions alleged herein are likely to cause injury to Plaintiff in the United States, and specifically in Texas.

8.      Venue is proper in this District, pursuant to 28 U.S.C. §§ 1391(b)&(c) and 1400(b), given that Defendants are not residents of the United States, regularly conduct business in this judicial district, and/or have committed the infringing and illegal acts, as set forth herein, in this judicial district.

## **THE PARTIES**

9.      Plaintiff Telebrands is a New Jersey corporation with its headquarters located at 79 Two Bridges Road, Fairfield, New Jersey.

4

10.     Upon information and belief, Defendant Xinte is a Chinese corporation having a principal place of business at Chicheng Seventh Road, Foshan Chancheng (Yangdong Vientiane City) Industrial Transfer Industrial Park, Yangong District, Yangjiang City, China.

11.     Upon information and belief, Defendant Deyue is a Chinese corporation having a principal place of business at West Side of 7th Floor, Building A, Gongle Industrial Park, Tiezai Road, Xixiang Sub-district, Bao'an District, Shenzhen, China.

12.     Upon information and belief, Defendant Shaolong is a Chinese corporation having a principal place of business at Warehouse 101 behind No. B10, Second Industrial Zone, Fuwei Community, Fuyong Sub-district, Bao'an District, Shenzhen, China.

13.     Upon information and belief, Defendant Puzhuo is a Chinese corporation having a principal place of business at 1D-111, Building 1, District 13, Taoyuanju, Xixiang Sub-district, Bao'an District, Shenzhen, China.

## BACKGROUND

### A.     Telebrands' Innovative Pocket Hose Products

14.     Plaintiff is a leading developer, producer, marketer, and distributor of quality, innovative consumer products, and is the original creator of the "As Seen On TV" products that Plaintiff promotes and sells throughout the United States and the world.

15.     One of Plaintiff's most popular and successful products is its line of expandable garden hoses sold under the trademark POCKET HOSE® and other related marks ("Pocket Hose Products").

16.     In particular, the Pocket Hose Products include a line of innovative, patented, tear and kink-resistant garden hoses, which expand in size when the spigot is turned on and pressurized water is introduced into the hoses and contract when the water is turned off. The Pocket Hose

Products have expanded to include several varieties with multiple lengths, including the Copper Bullet, Silver Bullet, and Marine Pocket Hose Products.

17.    Plaintiff's Pocket Hose Products have achieved great success since their introduction in or about October 2012. At the time, the Pocket Hose Products represented a shift towards convenience and efficiency in garden maintenance.

18.    Telebrands promotes and sells the Pocket Hose Products through national direct response television commercials, as well as at the retail level at well-known retail and wholesale outlets, such as Walmart and Home Depot, which have locations in Texas. In addition, Telebrands promotes, offers for sale and sells its Pocket Hose Products through Plaintiff's website, its retail customers' websites, as well as Plaintiff's storefront on Amazon.com.

19.    The Pocket Hose Products typically sell at retail for between $29.99 - $109.99.

**B.    The Patent-in-Suit**

20.    Telebrands is the owner of all intellectual property rights relating to the Pocket Hose Products.

21.    Relevant to the instant action, Telebrands is the owner of U.S. Patent No. 11,608,915 for "Expandable and Contractible Garden Hose" ("the '915 Patent"). Attached hereto as **Exhibit A** is a true and correct copy of the '915 Patent.

22.    The '915 Patent claims a hose that automatically expands longitudinally and laterally upon the application of a pressurized liquid and automatically contracts to a contracted condition upon the release of the pressurized liquid.

23.    Telebrands is the lawful owner of all right, title, and interest in and to the '915 Patent, by assignment from previous patent owners Blue Gentian, LLC and Ragner Technology Corp. Attached hereto as **Exhibit B** is a true and correct copy of the Blue Gentian, LLC assignment, recorded with the USPTO and publicly available at Reel/Frame 55386/0131. Attached

hereto as **Exhibit C** is a true and correct copy of the Ragner Technology Corp. assignment, recorded with the USPTO and publicly available at Reel/Frame 65040/0754.

24.     As a result of these assignments, Plaintiff owns all right, title, and interest in and to the '915 Patent, including (i) the right to exclude all others from practicing the '915 Patent within the United States and (ii) the right to pursue infringement claims for any past or future infringement, and no one other than Plaintiff and its authorized sellers are allowed to manufacture, import, export, advertise, offer for sale and sell the patented Pocket Hose Products, without the express permission of Plaintiff.

**C.     Defendants' Activities**

25.     Xinte admits that one of its "primary sales markets" is the sale of products, including those expandable hoses that infringe at least the '915 Patent, "directly to retailers who then sell the products on Amazon." **Exhibit D** (Complaint in Xinte's New Jersey Action, *infra*) at ¶ 12.

26.     Deyue, Shaolong, and Puzhuo are three retailers of Xinte's infringing expandable hoses, including by importing and distributing such infringing hoses, that have operated Amazon.com storefronts to sell such hoses in the United States. **Exhibit E** (English version of Complaint in Xinte's China Action, *infra*) at 4; *see also* **Exhibit F** (Chinese version of Complaint in Xinte's China Action, *infra*).

27.     Telebrands faces a significant threat to its expandable garden hose business from unauthorized infringers, such as Deyue, Shaolong, Puzhuo, and other retailers of Xinte, who have listed and sold infringing expandable hoses on Amazon.com.

28.     As the owner of the '915 Patent, Telebrands is able to, and continues to successfully, employ Amazon's internal, quasi-judicial complaint processes, including the Amazon Patent Evaluation Express ("APEX") Procedure, to have Amazon take down listings

(referred to as Amazon Standard Identification Numbers or "ASINs") of products alleged to infringe the patent in response to specific complaints submitted by the patent owner that are reviewed by a neutral, third-party evaluator.

29.    Telebrands has used Amazon's APEX Procedure since early 2023, removing over 18,000 listings of infringing expandable hoses from Amazon.

30.    Telebrands has used Amazon's APEX Procedure to take down ASINs of infringing expandable hose products that were being sold in the United States by Defendants Deyue, Shaolong, and Puzhuo. *See* **Exhibit E** at Appendix 1.

31.    Upon information and belief, Defendants have and continue their attempts to operate online storefronts on Amazon to sell such infringing expandable hoses in the United States.

*Xinte's New Jersey Action*

32.    In response to Amazon's appropriate takedowns of the infringing product ASINs of Xinte's various retailers based on Telebrands' successful employment of the APEX Procedure, Xinte filed an action against Telebrands in the District of New Jersey on August 21, 2024, *Yangjiang Xinte Sports Technology Products Co., Ltd. v. Telebrands Corp.*, Case No. 3:24-cv-08626-ZNQ-JBD ("New Jersey Action"), seeking in part a declaratory judgment of non-infringement of the '915 Patent. **Exhibit D**.

33.    Xinte elected not to pursue the New Jersey Action it had filed, first withdrawing its motion for preliminary injunctive relief on September 25, 2024, and then voluntarily dismissing the action on October 3, 2024. **Exhibit G** (September 25, 2024 letter withdrawing Motion for Preliminary Injunction); **Exhibit H** (Notice of Voluntary Dismissal, filed October 3, 2024).

*Xinhe's Delaware Action*

34.    Several months after dismissal of Xinte's New Jersey Action, a new action was filed by Yangjiang Xinhe Houseware Co., Ltd. ("Xinhe") against Telebrands in the District of Delaware on March 24, 2025, *Yangjiang Xinhe Houseware Co., Ltd. v. Telebrands Corp.*, Case No. 1:25-cv-00365-JLH ("Delaware Action"), again seeking in part a declaratory judgment of non-infringement of the '915 Patent. **Exhibit I** (Complaint in Xinhe's Delaware Action).

35.    Xinhe claims that it is the licensee of one of Xinte's U.S. patents. **Exhibit J** (Xinhe's Opening Brief in Support of Motion for Preliminary Injunction) at 10. Nevertheless, Xinhe has also suggested a further relationship, if not identicality, between Xinhe and Xinte by virtue of Xinhe's claim that Telebrands has had "knowledge of *Plaintiff's* [*Xinhe's*] noninfringement arguments since at least August 21, 2024" (emphasis added), which is the filing date of *Xinte's* New Jersey action. **Exhibit K** (First Amended Complaint in Xinhe's Delaware Action) at ¶¶ 38, 56, 70, 83, 94 & 103.

36.    Telebrands' motion to dismiss was granted and Xinhe's Delaware Action was dismissed on February 11, 2026, for lack of subject matter jurisdiction. **Exhibit L** (February 11, 2026 Memorandum Order).

*Xinte's China Action*

37.    Also following dismissal of Xinte's New Jersey Action, Xinte, along with Deyue, Shaolong, and Puzhuo, filed a civil complaint in the Yangjiang Intermediate People's Court, Guangdong Province, in the People's Republic of China ("China Action"), which was accepted by the court on March 7, 2025. **Exhibit E**.

38.    The Chinese complaint concerns a single claim for unfair competition based on Telebrands' "filing complaints [with Amazon] against the Plaintiffs' [Xinte, Deyue, Shaolong, and

Puzhuo] products at issue (specific product ASINs are listed in Appendices 1 and 2 [of the Chinese complaint]) based on U.S. Patent No. 11,608,915." *Id.* at 2-3.

39. The unfair competition claim in the China Action necessarily implicates and requires the determination of whether Xinte's expandable hose products infringe the '915 Patent, as noted on pages 5-7 of the Chinese complaint. *Id.* at 5 ("Upon comparison, it is clear that the accused products do not infringe on the aforementioned U.S. Patent [the '915 Patent], as they clearly lack the following technical features and thus fall outside the scope of protection of the Patent at Issue."); *id.* at 7 ("In summary, the accused infringing products do not possess multiple technical features of the Patent at Issue and **clearly** do not fall within the scope of protection of the Patent at Issue.") (emphasis in original).

40. With the China Action, Xinte, Deyue, Shaolong, and Puzhuo are demanding that a Chinese court adjudicate issues of U.S. patent law, namely whether Xinte's expandable hose products infringe the '915 Patent, and are seeking an order requiring that Telebrands stop filing, and Amazon stop accepting, complaints against Xinte's expandable hose products based on infringement of the '915 Patent.

41. 28 U.S.C. § 1338(a) expressly grants U.S. district courts original jurisdiction over disputes involving U.S. patents.

42. There is no provision of the Patent Act, 35 U.S.C. §§ 1 et seq., that provides for the adjudication of infringement of a U.S. patent in a court outside of the United States, such as in China.

43. On May 13, 2025, a package, sent by Express Mail, was delivered to Telebrands' offices in Fairfield, New Jersey, in which the package included the Chinese complaint in the form of **Exhibit E**.

44.     On June 11, 2025, Telebrands, through its Chinese counsel, timely filed a jurisdictional objection in the China Action, noting, among other issues, that "[the China Action] involves determination of infringement of a United States patent and the application of United States law" and requesting that the Yangjiang Intermediate People's Court "dismiss the complaint and inform the plaintiff to file the suit in a more convenient foreign court," *i.e.*, the United States. **Exhibit M** (English translation of Telebrands' objection); *see also* **Exhibit N** (original Chinese version of Telebrands' objection).

45.     On September 3, 2025, the Yangjiang Intermediate People's Court issued a decision dismissing Telebrands' jurisdictional objection, finding jurisdiction over the unfair competition claim to be proper and that this Chinese court "is the most convenient forum for hearing this case" and "is clearly superior to the United States courts" because "compared with the technical determination under U.S. patent law, determination of damage consequences and compensation amounts involves more complex evidence collection and application of law and comprises a greater workload," confirming its intent to review and make determinations concerning U.S. patent law and the '915 Patent, a duly issued U.S. patent. **Exhibit O** (English translation of Yangjiang Intermediate People's Court decision); *see also* **Exhibit P** (original Chinese version of Yangjiang Intermediate People's Court decision).

46.     On September 28, 2025, Telebrands, through its Chinese counsel, timely filed an appeal with the Guangdong Provincial High People's Court of the September 3, 2025 decision by the Yangjiang Intermediate People's Court, asserting, among other issues, that the Yangjiang Intermediate People's Court lacks jurisdiction to ascertain and apply U.S. law for determining the alleged patent infringement of the '915 Patent, particularly that "[t]he [China Action] involves complicated legal issues such as determining whether there is patent infringement under United

States law" and that "whether patent infringement exists in this case is the core factual and legal issue to be determined, so the case is clearly not suitable for trial by Chinese courts." **Exhibit Q** (English translation of Telebrands' appeal); *see also* **Exhibit R** (original Chinese version of Telebrands' appeal).

47.    On April 27, 2026, the Guangdong Provincial High People's Court issued a decision dismissing Telebrands' appeal and affirming that the Yangjiang Intermediate People's Court has jurisdiction over "a foreign-related dispute over unfair competition" because "the place where the infringement consequences occurred," such infringement being of a U.S. patent (*i.e.*, the '915 Patent) asserted in the United States with respect to U.S. sales on the U.S. online marketplace of Amazon.com, was determined to be Yangjiang City, Guangdong Province, China as "the registered address and principal place of business of Xinte Co." **Exhibit S** (English translation of Guangdong Provincial High People's Court decision); *see also* **Exhibit T** (original Chinese version of Guangdong Provincial High People's Court decision).

48.    Plaintiff has exhausted all of its procedural remedies to attempt to persuade the Chinese courts that they should not exercise jurisdiction over issues of U.S. patent law associated with the '915 Patent, but to no avail.

49.    The Yangjiang Intermediate People's Court recently issued summonses for June 25, 2026 and July 2, 2026 hearings, confirming the Chinese court's intent to proceed with the case on the merits. **Exhibit U** (English translation of the summonses); *see also* **Exhibit V** (original Chinese version of the summonses).

50.    Plaintiff has no choice but to seek redress from this Court in the form of an anti-suit injunction barring Defendants from pursuing the China Action, while this Court exercises jurisdiction over Plaintiff's infringement claim over its U.S. patent, *i.e.*, the '915 Patent. The

12

present action will dispose of all viable issues in the China Action, including Defendants' request for a determination of non-infringement of the '915 Patent and the unfair competition claim that is based directly and entirely thereon.

51.    This Court has held that a foreign court should not decide issues of patent law, *i.e.*, infringement, regarding a U.S. patent, and has issued an anti-suit injunction with respect to pursuing such foreign litigation. *See Bayerische Motoren Werke Aktiengesellschaft v. Onesta, LLC*, No. 25-581, 2026 U.S. Dist. LEXIS 33694, at *1-2 & 14-15 (W.D. Tex. Feb. 13, 2026), *appeal dismissed by agreement*, 2026 U.S. App. LEXIS 11054 (Fed. Cir. Apr. 20, 2026) (granting motion for anti-suit injunction prohibiting defendant "from pursuing adjudication of U.S. patents in Munich Regional Court I"; "The [anti-suit injunction] also acts with due regard to those under United States law, namely, those who hold intellectual property rights conferred and recognized by the U.S. Government. Because those rights arise under United States law and are conferred by the U.S. government, infringement and validity challenges for *those* patents should be adjudicated in United States courts. . . . [T]his is especially true given that Germany and the United States are signatories to The Paris Convention for the Protection of Industrial Property, which acknowledges 'the independence of each country's sovereign patent systems and their systems for adjudicating those patents.' '[N]othing in the Paris Convention contemplates nor allows one jurisdiction to adjudicate the patents of another.' To the extent that this case presents 'public international issues,' foreign policy decisions have resolved those issues in favor of adjudicating patents in the issuing forum.") (emphasis in original) (internal citations omitted) (**Exhibit W**).

**CAUSES OF ACTION**

**COUNT I:**
**Direct Infringement of United States Patent No. 11,608,915**
**[35 U.S.C. § 271(a)]**

52.      This Count alleges direct patent infringement of the '915 Patent against Defendants pursuant to 35 U.S.C. § 271(a). Plaintiff repeats and realleges Paragraphs 1-51 above.

53.      Defendants have infringed on one or more claims of the '915 Patent in the United States by making, using, selling, offering to sell and, upon information and belief, importing into the United States hose products embodying the invention protected under the '915 Patent, and Defendants are still infringing and will continue to do so unless enjoined by this Court.

54.      Defendants' infringing expandable garden hose products meet each and every limitation of at least claim 1 of the '915 Patent. **Exhibit X** (claim chart for claim 1 of the '915 Patent and Defendants' infringing expandable garden hose products).

55.      Defendants' acts of infringement are willful, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, and warrant a finding that this is an exceptional case and an award of attorney's fees pursuant to 35 U.S.C. § 285.

56.      Defendants' acts of infringement have occurred, are occurring, and will continue to occur without the authority or license of Plaintiff. These infringing acts have caused, are causing, and will continue to cause injury to Plaintiff, including irreparable injury and damages, unless and until Defendants are enjoined from doing so by this Court.

**COUNT II**
**Indirect Infringement of United States Patent No. 11,608,915**
**[35 U.S.C. § 271(b) and (c)]**

57.      This Count alleges indirect Patent Infringement of the '915 Patent against Defendants pursuant to 35 U.S.C. § 271(b) and (c). Plaintiff repeats and realleges Paragraphs 1-56 above.

## A.      INDUCEMENT OF INFRINGEMENT

58.     Defendants have induced others to infringe and continue to induce others to infringe one or more claims of the '915 Patent in the United States.

59.     Defendants' end-user customers, by using the infringing expandable garden hose products, have directly infringed and continue to directly infringe one or more claims of the '915 Patent.

60.     Defendants should have known, and have known, that selling and offering to sell and, upon information and belief, importing into the United States the infringing expandable garden hose products would cause the direct infringement of the '915 Patent in the United States.

61.     Despite having knowledge of the announced issuance of the '915 Patent, Defendants have sold and offered to sell the infringing expandable garden hose products with specific intent to encourage and cause the infringement of the '915 Patent by customers in the United States.

62.     At all relevant times, Defendants had actual knowledge of the '915 Patent claims and that their expandable garden hose products infringed those claims. Upon information and belief, Defendants have taken no steps to remedy the infringement.

63.     Defendants' acts of infringement are willful, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, and warrant a finding that this is an exceptional case and an award of attorney's fees pursuant to 35 U.S.C. § 285.

64.     Defendants' acts of infringement have occurred, are occurring, and will continue to occur without the authority or license of Plaintiff. These infringing acts have caused, are causing, and will continue to cause injury to Plaintiff, including irreparable injury and damages, unless and until Defendants are enjoined from doing so by this Court.

B.      **CONTRIBUTORY INFRINGEMENT**

65.     Defendants have contributorily infringed and continue to contributorily infringe the '915 Patent in the United States.

66.     Defendants' end-user customers, by using the infringing expandable garden hose products, have directly infringed and continue to directly infringe one or more claims of the '915 Patent.

67.     Despite having knowledge of the announced issuance of the '915 Patent, Defendants have sold and offered to sell the infringing expandable garden hose products with the specific intent to encourage and cause the infringement of the '915 Patent by customers in the United States.

68.     At all relevant times, Defendants had actual knowledge of the '915 Patent claims and that their expandable garden hose products infringed those claims. Upon information and belief, Defendants have taken no steps to remedy the infringement.

69.     Defendants have sold and offered to sell the infringing expandable garden hose products to practice the invention claimed in one or more claims of the '915 Patent and have done so with knowledge that the products are especially made or adapted for use in an infringement of the '915 Patent in the United States.

70.     Defendants' expandable garden hose products are not staple articles of commerce suitable for substantial non-infringing use. They are assembled from manufactured components for a specific function having no purpose other than infringement.

71.     Defendants' acts of infringement are willful, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, and warranting a finding that this is an exceptional case and an award of attorney's fees pursuant to 35 U.S.C. § 285.

72.    Defendants' acts of infringement have occurred, are occurring, and will continue to occur without the authority or license of Plaintiff. These infringing acts have caused, are causing, and will continue to cause injury to Plaintiff, including irreparable injury and damages, unless and until Defendants are enjoined from doing so by this Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court enters judgment against Defendants, jointly and severally, as follows:

A.    Enter a temporary restraining order and anti-suit injunction against Defendants ordering that Defendants not take any further action that divests U.S. courts of jurisdiction to adjudicate matters of infringement of U.S. patents, including the '915 Patent;

B.    Enter judgment against Defendants for infringement of the '915 Patent and permanently enjoin Defendants, their principals, officers, directors, agents, employees, subsidiaries, affiliates and all other persons in active concert or participation with them, from further acts of infringement, pursuant to 35 U.S.C. § 283;

C.    Enter judgment for Plaintiff for an accounting as to all damages arising from Defendants' infringement of the '915 Patent;

D.    Enter judgment against Defendants for damages arising from the infringement of the '915 Patent, pursuant to 35 U.S.C. § 284;

E.    Enter judgment that this case is exceptional, and award Plaintiff treble damages, attorney fees and costs incurred in connection therewith, pursuant to 35 U.S.C. § 285; and

F.    Enter judgment granting Plaintiff such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff requests that all issues in this case so-triable be tried to a jury.

Dated:  June 1, 2026

Respectfully submitted,

Cabrach Connor
Texas Bar No. 24036390
  cab@clands.com
**CONNOR LEE & SHUMAKER**
609 Castle Ridge Road, Suite 450
Austin, TX 78746
Tel: (512) 777-1254
Fax: (888) 587-1134

Jeffrey L. Snow (*pro hac vice* forthcoming)
  jsnow@pryorcashman.com
Joseph V. Micali (*pro hac vice* forthcoming)
  jmicali@pryorcashman.com
Alexander White (*pro hac vice* forthcoming)
  awhite@pryorcashman.com
**PRYOR CASHMAN LLP**
7 Times Square
New York, NY 10036
Tel: (212) 421-4100
Fax: (212) 326-0806

*Attorneys for Plaintiff Telebrands Corp.*